

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| BILL MURRAY, | § | No. 08-12-00122-CV |
| Appellant, | § | Appeal from the |
| v. | § | 327th District Court |
| MARCO ALVARADO, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2010-822) |
| | § | |

**O P I N I O N**

Appellant, Bill Murray, appeals a civil judgment entered against him after a jury determined that he had assaulted Appellee, Marco Alvarado. We affirm.

**BACKGROUND**

Alvarado filed suit against his employer, Mesa Home Improvement, Inc. (Mesa), and Murray, Mesa's president and sole owner. In his petition, Alvarado asserted that he worked for Mesa as a painter. On October 8, 2009, after being instructed to paint and "load" a set of cabinets, Alvarado requested help in loading the cabinets so he would not injure himself. Alvarado contended that his requests for assistance were denied by his supervisor, Tim Porras. According to Alvarado, after he eventually "loaded" the cabinets into a home by himself, Murray thereafter

commented that Alvarado had not needed help. Alvarado alleged that after he informed Murray that he had injured his back when he carried the cabinets alone and was upset because his requests for assistance had been refused, Murray suddenly grabbed him, slammed him "on a truck" and began to punch Alvarado until he bled. Alvarado asserted that Murray thereafter took Alvarado to wash the blood from his face.

Alvarado filed a police report and a police officer took photos of Alvarado's injuries. Murray purportedly called Alvarado that evening, stated that he did not want to fire Alvarado, and stated that he should report to work the next day. Alvarado asserted that he did not report to work because he was fearful that Murray would inflict bodily injury on him.

Under a heading titled "Cause of Action," Alvarado's petition identified "Assault and Battery" as the sole cause of action, and did not allege discrimination or conduct actionable under the Texas Labor Code. Under "Damages and Losses," Alvarado sought: (1) back pay; (2) past and future lost wages; (3) compensatory damages, which included pecuniary damages, mental anguish or emotional pain and suffering, inconvenience, and loss of enjoyment of life in the past and in the future; and (4) punitive damages under Chapter 41 of the Texas Civil Practice and Remedies Code based on Murray's alleged malicious acts. Under "Attorney's Fees," Alvarado's petition sought reasonable attorney's fees, expert fees, and costs pursuant to Section 21.259 of the Texas Labor Code. In his prayer, Alvarado prayed for actual damages, statutory and punitive damages under the Texas Labor Code, costs, and "such other and further relief to which he may show himself to be justly entitled, in law and in equity."

In his amended original answer and counterclaim, Mesa and Murray generally denied each of Alvarado's accusations and asserted that after Alvarado had applied for unemployment alleging

an unlawful employment practice, the Texas Workforce Commission had found Alvarado had voluntarily terminated his employment. Mesa and Murray also alleged that the reason for "the termination" stemmed from Alvarado's refusal to go to a medical facility for his complained-of back pain, which would include the administration of a drug test as part of a medical examination. Mesa and Murray asserted that the Commission ruled in favor of Mesa and appeals thereof had been upheld, and complained that Alvarado had not obtained permission from the Commission to file this suit.

Murray counterclaimed that on October 8, 2009, Alvarado assaulted him after he had directed Alvarado to take a drug test. Murray, too, reported the assault to police and then sought medical attention for his injuries. Murray sought damages for pain and suffering, non-specific damages, pre- and post-judgment interest, costs, and other relief.

The parties' causes of action were tried, and by its verdicts, the jury found that Murray had assaulted Alvarado, but did not find that Alvarado had assaulted Murray. The trial court entered judgment on the jury's verdicts.

## DISCUSSION

Murray presents eight issues for our consideration. As Murray has presented and discussed Issues One, Two, and Three together, we address them in the same manner. In Issue One, Murray complains the trial court erroneously permitted Alvarado to proceed to trial "on pleadings that were not amended alleging a different cause of action." Issue Two contends the trial court erroneously permitted Alvarado to try a common law cause of action while seeking recovery of damages under the Texas Labor Code. In his third issue, Murray asserts the trial court erroneously entered judgment because its judgment does not conform to the pleadings, the nature

3

of the case proved, or the verdict. Regarding his third issue, Murray specifically complains that despite his assertion that Alvarado's pleadings set out a common law cause of action under the Texas Labor Code, the case was tried and the verdict and damages that the jury returned were for common law assault.

Murray argues that the parties tried a Labor Code case, and notes that Alvarado admitted his pleadings were wrong but then proceeded on his original petition. He refers us to Rule 301, which provides that a "judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity." TEX. R. CIV. P. 301. Murray argues that no judgment could be entered against him because he appeared in the trial court and was "ready to try a labor case and then was told Alvarado intended to change his pleadings but failed to do so even after the trial court prodded him to do so."

Our review of the record does not support Murray's factual assertions that this was a labor case or that the trial court prodded Alvarado to amend his pleadings. The trial court addressed these matters in a pretrial hearing. There, Alvarado's counsel, Mr. Enrique Chavez, expressly stated that a significant portion of his practice is comprised of employment cases and explained that he "missed it" when he pleaded that Alvarado was entitled to damages under the Texas Labor Code. Chavez also directed the trial court's attention to the fact that Alvarado's pleadings pray for "such other and further relief to which he may show himself to be justly entitled." After Chavez explained that he and Murray's counsel, Mr. Tony Aguilar, had discussed that this was an assault and battery case, a statement which Aguilar did not refute, and argued that no resulting surprise or prejudice to Murray arose from the pleadings, the trial court expressly stated:

4

THE COURT: Okay. Let me see the pleading. First of all, Mr. Aguilar, when I was preparing for this trial, I read it differently. My presumption was that you were going on assault and battery. I was throwing out anything under the Labor Code[.]

. . .

AGUILAR: I accept what you're saying. . . . I, candidly, could not figure out how in the world an assault and battery could lead to recovery for damages underneath the Labor Code.

THE COURT: I think it can lead to damages. I don't think it can lead to damages under the Labor Code.

AGUILAR: I agree with you there. . . .

Aguilar expressed his concerns about the trial court instructing the jury on damages and noted that he was not consenting to "the trying of issues of [Alvarado] recovering damages underneath the common law cause of action . . . [b]ecause the pleadings don't say that[,]" but instead refer to the Texas Labor Code. The trial court responded, "Well, we're not doing a labor case," and explained that physical pain, mental anguish, and possible medical expenses were the only damages it could think of that would be proper under an assault and battery cause of action, and expressed doubt that punitive damages would be proper. The trial court announced, "We're going to move forward, over Mr. Aguilar's objections on the issue of damages, but the damages are going to be limited . . . [a]nd only as to Bill Murray."[1]

At the commencement of the hearing, Murray noted that the trial court had not given Alvarado permission to amend his pleadings, and when the trial court asked Chavez if he was going to provide the amended petition, Chavez replied, "That's our original petition, Judge."

---

[1] The trial court observed that Mesa could not commit an assault and battery and stated, "I don't know how [Mesa] stays in." Aguilar agreed with the trial court's statement, to which Chavez responded, "That's fine. We can get them out. I have no problem with that, Judge." The record does not show what formal actions, if any, were taken to terminate Mesa as a party, and no party addresses this issue on appeal. Judgment was entered against Murray alone.

5

At the conclusion of the hearing, Murray objected to "[Alvarado's] late amending of [his] pleadings and any possible instructions or questions concerning common law damages since they specifically state on the live pleadings on file that they are seeking recovery of damages underneath the Texas Labor Code." The record contains Alvarado's original pleading but does not show that an amended pleading was ever filed.

Alvarado observes that Murray's proper remedy for preserving error regarding any defect, omission, or fault in the form or substance of the pleadings was to file a written special exception specifying the deficiency and to bring it to the trial court's attention before the court instructed or charged the jury, which Murray failed to do. TEX. R. CIV. P. 90. When a party fails to take these steps, Rule 90 deems such defect, omission, or fault of form or substance in the pleadings waived by the party seeking reversal on such account. TEX. R. CIV. P. 90. Murray failed to present to the trial court a written special exception specifying the defect, omission, or fault in Alvarado's pleadings before the court charged or instructed the jury. He has therefore waived his complaints seeking reversal on such account. *Id.* Issues One, Two, and Three are overruled.

Murray next complains in Issue Four that the evidence is insufficient to support a finding of mental anguish, and in Issue Five asserts that insufficient evidence supports an award for mental damages in the amount of $135,000. We address these issues together, as presented by Murray.

After a jury trial, a party must preserve a legal sufficiency of the evidence challenge by: (1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission of a jury question; (4) a motion to disregard the jury's answer to a vital fact issue; or (5) a motion for new trial. *See T.O. Stanley Boot Co., Inc. v. Bank of El Paso,* 847 S.W.2d 218, 220 (Tex. 1992); *In re L.C.W.,* 411 S.W.3d 116, 126 (Tex. App. –El Paso 2013, no

6

pet.). A point presented in a motion for new trial is a prerequisite to a complaint on appeal of factual insufficiency of the evidence to support a jury finding. TEX. R. CIV. P. 324(b)(2); *see In re M.S.,* 115 S.W.3d 534, 547 (Tex. 2003); *In re L.C.W.,* 411 S.W.3d at 126; *compare Office of Atty. Gen. of Texas v. Burton*, 369 S.W.3d 173, 175 (Tex. 2012)(motion for new trial is not a prerequisite to an appellate complaint about legal sufficiency of evidence).

Although Murray sets out the standards for our review of the legal and factual sufficiency of the evidence to support his complaints in Issues Four and Five, his limited analysis addresses the factual sufficiency of the evidence, and is the only complaint which Murray addresses in his conclusion for the two issues presented. Alvarado counters that Murray has failed to preserve this complaint on appeal because he failed to present in a motion for new trial a point regarding the factual sufficiency of the complained-of evidence. We agree. Murray's failure to raise his factual sufficiency point in his motion for new trial as required by Rule 324(b)(2), waives this complaint. TEX. R. CIV. P. 324(b)(2).

Although we are inclined to declare Murray's legal sufficiency challenges inadequately briefed for failure to present a clear and concise argument on that challenge, we need not do so as he has waived his sufficiency challenge. *See* TEX. R. APP. P. 38.1(i). When damages are presented to the jury in broad form at trial, a party must address all of the elements of damages on appeal and show the evidence was insufficient to support the entire award. *See Texas Youth Com'n v. Koustoubardis*, 378 S.W.3d 497, 501-02 (Tex. App. –Dallas 2012, no pet.). The failure to do so results in a waiver of the sufficiency challenge. *Id.*

The issue of physical pain and mental suffering were submitted to the jury in broad form. The jury returned a single damages award for both categories of physical pain and mental anguish.

7

Although Murray challenges the sufficiency of the evidence to support a finding of mental anguish and the amount awarded for mental anguish on appeal, he fails to challenge the sufficiency of the evidence to support the jury's award of damages for physical pain. *See Koustoubardis*, 378 S.W.3d at 501-02. Because Murray has waived his sufficiency challenges, Issues Four and Five are overruled.

In Issue Six, Murray complains that the trial court erred in awarding loss of earning capacity when Alvarado's pleading sought back pay and lost wages in the past and future. Murray contends he preserved this issue by raising it in his motion for new trial. In his motion for new trial, Murray argued that he should be granted a new trial because the trial court awarded monies for the loss of earning capacity but Alvarado used the measure of loss of earnings in the past. Alvarado counters that Murray appears to be complaining that the jury charge and judgment use the phrase "loss of earning capacity" when the pleadings use the terms "lost wages" or "back pay," and argues that by his failure to object to the term "loss of earning capacity" as set out in the jury charge, Murray has waived this complaint on appeal.

Rule 272 requires that objections to the charge in every instance be presented to the court in writing or be dictated to the court reporter in the presence of the court and opposing counsel before the charge is read to the jury, and provides that all objections not so presented are waived. TEX. R. CIV. P. 272. In his objections to the court's charge, Murray did not object to the language about which he complains in this issue. To the extent this issue may be construed to be a challenge to the sufficiency of the pleadings, we have already determined that Murray has waived any objections to pleading deficiencies by his failure to file a special exception thereto. *See* TEX. R. CIV. P. 90. Because Murray has waived his complaint, Issue Six is overruled.

8

Issue Seven broadly complains, "The jury verdict and judgment is against the great weight and preponderance of the evidence." In his conclusion of this issue, Murray states, "The jury finding is against the great weight and preponderance of the evidence since both parties testified there was some sort of contact." Murray has waived this issue by failing to present it in his motion for new trial. *See* TEX. R. CIV. P. 324(b)(3)(point in motion for new trial is prerequisite to complaint on appeal that jury finding is against overwhelming weight of evidence); *Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 409 (Tex. App. –El Paso 2009, no pet.)(failure to assert in motion for new trial a point that jury's finding was against overwhelming weight of evidence failed to preserve issue for review). Issue Seven is overruled.

In Issue Eight, Murray complains that the trial court erred in excluding evidence concerning Alvarado's immigration status since that evidence provided the jury with a basis for Alvarado's assertion that Murray assaulted him. Murray did not offer the excluded evidence to the trial court. Murray has waived this issue by failing to make the excluded evidence part of the record by a bill of exception or offer of proof. *See Rhey v. Redic*, 408 S.W.3d 440, 458 (Tex. App. –El Paso 2013, no pet.)(to preserve error concerning exclusion of evidence, complaining party must actually offer evidence and secure an adverse ruling from trial court), *citing Perez v. Lopez,* 74 S.W.3d 60, 66 (Tex. App. –El Paso 2002, no pet.). Issue Eight is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

GUADALUPE RIVERA, Justice

July 23, 2014

Before Rivera, J., Rodriguez, J., and Larsen, J. (Senior Judge)
Larsen, J. (Senior Judge), sitting by assignment