**AFFIRM; and Opinion Filed February 27, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01413-CV

## MARSHALL HODGES, INDIVIDUALLY AND D/B/A GUARANTEED PRINTING SUPPLY, AND RHON ROMMER, Appellants
### V.
## JITENDRA RAJPAL, Appellee

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 09-08231**

## OPINION
Before Justices Fillmore, Stoddart, and Whitehill[1]
Opinion by Justice Fillmore

Marshall Hodges, individually and d/b/a Guaranteed Printing Supply,[2] and Rhon Rommer (collectively "appellants") assert the trial court erred by granting a judgment notwithstanding the verdict (JNOV) because appellee Jitendra Rajpal did not file a motion for JNOV, request that jury findings be disregarded, or request that the trial court enter judgment contrary to any of the jury findings; appellants had standing to assert their fraud, breach of contract, and breach of fiduciary duty claims; appellee did not seek judgment based on a purported failure of appellants to make an election of remedies; there was legally sufficient evidence of damages to support

---

[1] The Honorable Kerry FitzGerald, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, was a member of the original panel and participated in the submission of this case but, due to his retirement, did not participate in the issuance of this opinion. Justice Whitehill succeeded Justice FitzGerald. Justice Whitehill has read the briefs and reviewed the record and now serves as a member of the panel.

[2] The jury was instructed that whenever the entity Guaranteed Printing Supply was referred to in the exhibits, testimony, or jury charge, they were to "equate that entity with Hodges. In other words, Guaranteed Printing Supply is simply another way of saying Hodges."

appellants' claims of breach of contract, fraud, and breach of fiduciary duty; and judgment based on a statute of limitations defense was improper. Appellants also assert the trial court abused its discretion by denying their motion to modify the judgment or, alternatively, for a new trial, and they are entitled to attorney's fees and pre-judgment interest. We affirm the trial court's judgment.

## Background

### *Factual Background[3]*

In late 2003, appellants were approached by a mutual acquaintance of Hodges and Rajpal, attorney E. Carter Crook, concerning a potential investment opportunity involving the purchase of a hotel, the Greenville Days Inn in Greenville, Texas (the Greenville property). Appellants visited the Greenville property and discussed the investment opportunity with Rajpal. Rajpal told appellants the Greenville property would be purchased, renovated, reflagged,[4] and resold for profit.

To facilitate investment in the Greenville property, Crook signed on behalf of appellants, pursuant to a power of attorney, an Agreement of Limited Partnership of Greenville Travelers, L.P. (the Greenville limited partnership agreement). According to the terms of the Greenville limited partnership agreement, appellants and Rajpal were limited partners. Rajpal was also the president and sole shareholder of Prospera Hospitality Group, Inc. (Prospera Hospitality), the general partner of Greenville Travelers, L.P. Along with other investors that included Rajpal, appellants each contributed $50,000 of investment capital to Greenville Travelers, L.P. In December 2003, the Greenville property was purchased by Greenville Travelers, L.P.

---

[3] Some exhibits listed in the reporter's record either do not correspond to exhibits at trial or are not actually present in the record on appeal. For example, plaintiffs' exhibits 8 through 10 and 95 are not present in the reporter's record. However, viewing the evidence as a whole we are able to discern the substance of the evidence relied upon at trial, and the absence or mislabeling of any exhibit does not impact our analysis of the issues on appeal.

[4] The testimony at trial used the term "reflagging" to refer to a change in affiliation with a hotel chain franchisor. At the time of the purchase of the Greenville property, the seller had lost the prior "flag," or affiliation, with Ramada Inn & Suites, and could not utilize that franchisor's hotel reservation system. Rajpal testified that following purchase of the Greenville property, it was reflagged as a Quality Inn.

In February 2004, Rajpal approached appellants regarding a potential investment opportunity involving the purchase of another hotel, the Holiday Inn in Sulphur Springs, Texas (the Sulphur Springs property). Rajpal told appellants the Sulphur Springs property would require renovation but likely not be reflagged,[5] and would be resold for profit. In April 2004, Rajpal formed Sulphur Springs Travelers, L.P. Rajpal was a limited partner of Sulphur Springs Travelers, L.P., and although neither Hodges nor Rommer signed the Agreement of Limited Partnership of Sulphur Springs Travelers, L.P. (the Sulphur Springs limited partnership agreement), it was stipulated at trial that appellants were limited partners of Sulphur Springs Travelers, L.P. Prospera Sulphur Springs, Inc. (Prospera Sulphur Springs) was the general partner of Sulphur Springs Travelers, L.P., and Rajpal was the president and sole shareholder of Prospera Sulphur Springs. Along with other investors that included Rajpal, appellants each contributed $56,000 of investment capital to Sulphur Springs Travelers, L.P. The Sulphur Springs property was purchased in April 2004 by Sulphur Springs Travelers, L.P.

By June 2004, appellants had each received a copy of the Greenville limited partnership agreement and were concerned that the document did not conform to the verbal agreement they had with Rajpal regarding the Greenville property. Specifically, the limited partnership agreement did not provide them a lien on, or some form of security interest in, the Greenville property. Appellants also found the Greenville limited partnership agreement deficient because it provided there would be no return of their capital contributions unless funds sufficient for that distribution were generated by operations or sale of the hotel. Appellants' objections to the Greenville limited partnership agreement were made known to Rajpal at that time.

---

[5] The testimony at trial was that the Sulphur Springs property was in danger of losing its Holiday Inn flag if not remodeled; however, the Sulphur Springs property retained its Holiday Inn flag after purchase.

Within months of the April 2004 purchase of the Sulphur Springs property, appellants each received a copy of the the Sulphur Springs limited partnership agreement. Appellants were dissatisfied with the terms of the Sulphur Springs limited partnership agreement because it did not provide them a lien on, or some form of security interest in, the Sulphur Springs property.

According to Hodges, in the summer of 2005, Rajpal approached appellants concerning a potential contract for the sale of the Sulphur Springs property and inquired whether they wanted to utilize their capital invested in Sulphur Springs Travelers, L.P. for the purchase of another hotel property in Tyler, Texas.[6] Appellants advised Rajpal that they were not interested in investing in another hotel property and, upon the sale of the Sulphur Springs property, they wanted their capital contributions returned along with their share of any profit arising from the sale of the property. Appellants recovered only their $56,000 capital contributions following the May 2005 sale of the Sulphur Springs property.

The Greenville property was sold by Greenville Travelers, L.P. in December 2006. Appellants did not recover their $50,000 capital contributions to Greenville Travelers, L.P. following the sale of the Greenville property.

*Claims Submitted to Jury and Jury's Findings*

Appellants filed suit against Rajpal in June 2009 alleging numerous causes of action arising from their investments in Greenville Travelers, L.P. and Sulphur Springs Travelers, L.P.[7] Of the causes of action alleged in appellants' live pleading at the time of trial, their claims of breach of contract with regard to the Greenville limited partnership agreement, fraud arising from their investments in Greenville Travelers, L.P., and breach of fiduciary duty with regard to

---

[6] Rajpal invested in other hotel properties in Ennis, Paris, and Tyler, Texas, and in Elk City, Oklahoma, and he owned a hotel property in Decatur, Texas.

[7] Greenville Travelers, L.P., Sulphur Springs Travelers, L.P., Prospera Hospitality, and Prospera Sulphur Springs were named as defendants in appellants' First Original Petition but were not named in the Fourth Amended Petition, which was the live pleading at the time of trial. According to appellants' Motion to Enter Judgment, those "business entities filed bankruptcy, each was discharged from bankruptcy and this suit against each of the bankrupt parties was dismissed." Rajpal testified that Greenville Travelers, L.P., Sulphur Springs Travelers, L.P., Prospera Hospitality, and Prospera Sulphur Springs filed for bankruptcy protection.

the Greenville and Sulphur Springs properties were submitted to the jury. The jury found in favor of appellants on three causes of action: breach of contract, fraud, and breach of fiduciary duty relating to Greenville property.

With regard to breach of contract, the jury found Rajpal failed to comply with one or more material terms of the Greenville limited partnership agreement and awarded $20,000 to each appellant for damages that resulted from that failure. Breach of contract damages were based upon appellants' "reliance interest," defined by the jury charge as the "amount of money that [appellants] paid to enter into the Greenville Travelers Limited Partnership Agreement." The jury awarded $140,000 to each appellant as reasonable and necessary attorney's fees related to appellants' breach-of-contract claims.

The jury found Rajpal committed fraud with respect to Greenville Travelers, L.P. The jury awarded $20,000 to each appellant as "out-of-pocket" damages, defined by the jury charge as the "value/amount of money [appellants] paid in exchange for an interest in the Greenville Travelers Limited Partnership Agreement." The jury found appellants were not entitled to reliance damages as a result of Rajpals' fraud, with "reliance" defined by the jury charge as the "value/amount of money" appellants "paid or gave in reliance on Rajpal's representations, or kept invested based on Rajpal's failure to disclose a material fact."

The jury found Rajpal breached his fiduciary duty to appellants regarding the Greenville Travelers, L.P. and awarded $25,000 to each appellant for "loss of contractual consideration," defined by the jury charge as the "value/amount of money [appellants] paid to enter into the Greenville Travelers Limited Partnership Agreement," and $25,000 to each appellant for "out-of-pocket" damages, defined by the jury charge as the "value/amount of money [appellants] paid in exchange for an interest in the Greenville Travelers Limited Partnership Agreement." The jury found Rajpal did not personally profit as a result of his breach of fiduciary duty to appellants.

*Judgment*

Appellants moved for entry of judgment based on the jury's verdict. Rajpal filed his response and request for judgment in his favor. Rajpal asserted appellants have no standing to bring their breach of contract, breach of fiduciary duty, and fraudulent concealment claims. Rajpal also asserted appellants were not entitled to recovery of damages because there was no evidence that wrongdoing by Rajpal caused damages to appellants, the jury charge contained improper measures of damages, and he was entitled to judgment on appellants' fraudulent inducement claims as those claims were barred by limitations. Rajpal also asserted there was no evidence to support the attorney's fees found by the jury, and appellants were required to make an election of remedies as to the theory of recovery on which they sought judgment. In his supplemental response to appellants' motion for entry of judgment, Rajpal asserted there is no evidence to support the jury's finding that October 31, 2007 was the date by which appellants should have discovered Rajpal's fraud with regard to Greenville Travelers, L.P.

After a hearing on entry of a judgment, the trial signed a take nothing judgment in favor of Rajpal. The judgment includes the trial court's order granting Rajpal's motion for JNOV. Appellants filed a motion to modify the judgment or, alternatively, for a new trial. Appellants' motion for new trial was overruled by operation of law. Appellants filed this appeal.

**Standard of Review**

We review a trial court's decision to grant or deny a motion for a directed verdict and a motion for JNOV under the legal sufficiency standard of review. *Helping Hands Home Care, Inc. v. Home Health of Tarrant Cnty., Inc.*, 393 S.W.3d 492, 515 (Tex. App.—Dallas 2013, pets. denied); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005) (test for legal sufficiency is same for directed verdict, JNOV, and appellate no-evidence review). We credit evidence favoring the jury verdict if reasonable jurors could and disregard contrary evidence

–6–

unless reasonable jurors could not. *Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 830 (Tex. 2009). We will uphold the jury's finding if more than a scintilla of competent evidence supports it. *Id.*; *see also Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998) (appellate court will sustain a no-evidence issue when: (1) record discloses a complete absence of evidence of vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) only evidence offered to prove a vital fact is no more than a mere scintilla; or (4) evidence establishes conclusively the opposite of the vital fact). When a trial court grants a motion for JNOV presenting multiple grounds but does not state the ground relied upon, the appellant has the burden of showing that the judgment cannot be sustained on any of the grounds stated in the motion. *Fort Bend Cnty. Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 394 (Tex. 1991).

## JNOV

In their first issue, appellants assert the trial court erred by granting the "unrequested" JNOV because Rajpal did not file a motion for JNOV, request that the jury findings be disregarded, or request that the trial court enter judgment contrary to any jury findings.

After receiving the jury's verdict and discharging the jury, the trial court stated to the parties' attorneys, "Get me a proposed judgment. Set it for judgment because there will be some motions that I need to deal with obviously. . . . I don't know how those fees just don't come right out. And, of course, there's some other questions, too, but. . . you may convince me otherwise." Appellants filed their Motion to Enter Judgment. Thereafter, Rajpal filed his Response to [Appellants'] Motion to Enter Judgment and Motion for Judgment, asserting appellants' motion for judgment should be denied and their proposed judgment should not be entered, he was entitled to judgment on all of appellants' claims, and that a number of the jury's findings lacked evidentiary support and should be disregarded by the trial court. Rajpal also filed his

Supplemental Response to [Appellants'] Motion to Enter Judgment, requesting the trial court to disregard the jury's answer to a question in the jury charge inquiring when appellants should have discovered Rajpal's fraud with regard to Greenville Travelers, L.P.

Appellants filed a Reply in support of their Motion to Enter Judgment in which they asserted, as they assert on appeal, that Rajpal's response to their Motion to Enter Judgment did not move for affirmative relief. We disagree.

In pertinent part, rule of civil procedure 301 provides:

> . . . [Upon] motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any jury finding on a question that has no support in the evidence.

TEX. R. CIV. P. 301; *see also Brown v. Bank of Galveston, N.A.*, 963 S.W.2d 511, 513 (Tex. 1998) (trial court may grant JNOV if there is no evidence to support one or more of the jury findings on issues necessary to liability). "We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it." *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980); *see also* TEX. R. EVID. 71 (when party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat plea or pleading as if it had been properly designated). In his response and motion for judgment, Rajpal specifically requested that jury findings be disregarded and for entry of judgment in his favor, and in his supplemental response, he requested that the trial court disregard a jury finding.[8] Rajpal captioned the relief he sought in his response to appellants' motion for entry of judgment as not only a response, but also a motion for judgment in his favor.

---

[8] At the hearing on entry of judgment, the trial court stated it had reviewed appellants' motion for entry of judgment and Rajpal's response and supplemental response. At the end of that hearing, the trial court stated to counsel for the parties, "All right, guys. I'm going to look at this one more time. Just keep the ball in the air and get me a copy of your proposed judgment, and I'll sign one of the three or do my own." The record reflects the trial court clearly contemplated the potential for entry of a JNOV in Rajpal's favor.

Although not captioned a motion or supplemental motion for JNOV, it is clear from reading Rajpal's response and supplemental response that he was requesting that the trial court disregard a number of the jury's findings and to enter judgment in his favor. We resolve appellants' first issue against them.

## Fraud

In their fifth issue, appellants contend a JNOV on their fraud claims based on the statute of limitations was erroneous. Appellants sued Rajpal for fraudulent inducement (or pre-investment fraud) and for fraudulent concealment (or post-investment fraud).[9] The jury found Rajpal defrauded appellants with respect to Greenville Travelers, L.P. Appellants contend that in response to appellants' motion for entry of judgment, Rajpal attacked only appellants' fraudulent inducement claims, although the jury's verdict was based on appellants' claims of fraudulent inducement and fraudulent concealment and did not distinguish between those theories of fraud.

In his answer, Rajpal asserted the affirmative defense of limitations. As he asserted in his response to appellants' motion for entry of judgment, Rajpal argues on appeal that appellants' fraudulent inducement claims were barred by limitations. The statute of limitations for appellants' fraud claims is four years. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4) (West 2002) (person must bring suit on actions for fraud not later than four years after day cause

---

[9] The jury was instructed that fraud could occur through either misrepresentation or failure to disclose:

Fraud occurs when –

a.    a party makes a material misrepresentation, and
b.    the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and
c.    the misrepresentation is made with the intention that it should be acted on by the other party, and
d.    the other party acts in reliance on the misrepresentation and thereby suffers injury.

\* \* \*

Fraud also occurs when –

a.    a party fails to disclose a material fact within the knowledge of that party, and
b.    the party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth, and
c.    the party intends to induce the other party to take some action by failing to disclose the fact, and
d.    the other party suffers injury as a result of acting without knowledge of the undisclosed fact.

of action accrues). Rajpal argued he was entitled to judgment on appellant's claim of pre-investment fraud because the uncontroverted evidence was that the purported fraudulent statements regarding the Greenville limited partnership agreement were made by Rajpal more than four years before appellants filed suit in June 2009.

The evidence at trial was undisputed that appellants discerned no later than June 2004 that the Greenville limited partnership agreement was not in conformity with the alleged pre-investment representations by Rajpal concerning a security interest in the Greenville property and return of appellants' capital contributions, and that appellants raised their objections to the terms of the agreement with Rajpal at that time. Appellants testified they received the Greenville limited partnership agreement by June 2004 and raised their objections to the terms of the agreement with Rajpal at that time. Appellants' cause of action for fraudulent inducement therefore accrued no later than June 2004. *See Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 229 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (where discovery rule applies, "the cause of action accrues when plaintiff knows, or through the exercise of reasonable care and diligence should have discovered, the nature of his injury and the likelihood that it was caused by the wrongful acts of another") (citing *Childs v. Haussecker*, 974 S.W.2d 31, 40 (Tex. 1998)).

Appellants sued Rajpal for fraudulent inducement in June 2009, more than four years after they learned in June 2004 of that alleged fraud. Appellants' claims of fraudulent inducement were barred by the statute of limitations. We conclude the trial court did not err in granting a JNOV on appellants' claims they were fraudulently induced to enter into the Greenville limited partnership agreement.

Appellants contend Rajpal's argument in his response to appellants' motion for entry of judgment, that the statute of limitations barred appellants' claims of fraudulent inducement, did

not attack appellants' post-investment fraudulent concealment claims.[10]  Appellants assert the jury's verdict with regard to fraud was based on fraudulent inducement and fraudulent concealment and did not disclose whether the jury found one or both types of fraud.[11]  With regard to their allegation of fraudulent concealment, appellants asserted Rajpal concealed or failed to disclose material facts to induce appellants to "keep their money invested with Rajpal or his companies." The elements of fraudulent concealment are: (1) existence of the underlying tort, (2) the defendant's knowledge of the tort, (3) the defendant's use of deception to conceal the tort, and (4) the plaintiff's reasonable reliance on the deception.  *Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 439 (Tex. Civ. App.—Fort Worth 1997, pet. denied).

Assuming evidence was admitted at trial that established Rajpal concealed or failed to disclose material facts with the intention to induce appellants to maintain their investments in Greenville Travelers, L.P., appellants have not attacked on appeal the jury's verdict with regard to damages for that fraudulent concealment.  The jury found appellants were entitled to $20,000 each for the value of the money they "paid in exchange for an interest in the Greenville Travelers Limited Partnership Agreement" which were damages for appellants' fraudulent inducement claim that, as discussed above, was barred by limitations.  However, as to appellants' fraudulent concealment claim, the jury found appellants' reliance damages, defined as the "value/amount of

---

[10] The jury found that in the exercise of reasonable diligence, appellants should have discovered Rajpal's fraud with regard to Greenville Travelers, L.P. by October 31, 2007.  In his supplemental response to appellants' motion to enter judgment, Rajpal asserted the jury answer should be disregarded because there is no evidence in the record to support that finding.  We agree.

Appellants' argument that Rajpal failed to present adequate evidence to overturn that jury finding is misplaced.  With regard to fraudulent concealment as an affirmative defense to the statute of limitations, appellants had the burden of coming forward with proof to support the allegation.  *See Weaver v. Witt*, 561 S.W.2d 792, 793 (Tex. 1977) (per curiam) (fraudulent concealment is affirmative defense to statute of limitations under which plaintiff has burden of coming forward with proof to support the allegation).  Review of the entire record confirms there is no evidence to support the finding that October 31, 2007 was the date by which appellants should have discovered Rajpal's alleged fraud with regard to Greenville Travelers, L.P.  At the hearing on the motion for entry of judgment, the trial court inquired of the parties' attorneys, "Where did the jury get their date on statute of limitations?"  Appellants' counsel acknowledged, "That's a — that's a good question, Your Honor, exactly where they came up with it."

[11] While appellants assert they alleged common law fraud, fraud in the inducement, and fraud by concealment, their fraudulent inducement and fraudulent concealment claims are subcategories of their common law fraud claims.  *See Nat'l Prop. Holdings, L.P. v. Westergren*, No. 13-0801, 2015 WL 123099, at *2 (Tex. Jan. 9, 2015) (fraudulent inducement is species of fraud that arises only in context of a contract); *see also Hooks v. Samson Lone Star, L.P.*, No. 12-0920, 2015 WL 393380, at *3 (Tex. Jan. 30, 2015) (fraudulent inducement is subspecies of fraud); *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001) (fraudulent inducement arises only in context of a contract and requires existence of contract as part of its proof; without a binding agreement there is no detrimental reliance, and thus no fraudulent inducement claim); *Schlumberger Tech. Co. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997) (fraud by nondisclosure is subcategory of fraud).

money [appellants] paid or gave in reliance on Rajpal's representations, or kept invested based on Rajpal's failure to disclose a material fact," were zero.

The jury's no-damage finding with regard to reliance damages compelled a take-nothing judgment on appellants' fraudulent concealment claims. *See Garza v. San Antonio Light*, 531 S.W.2d 926, 929 (Tex. Civ. App.—Corpus Christi 1975, writ ref'd n.r.e.) ("none" answer on damages rendered liability issue immaterial). Appellants did not raise a sufficiency challenge to the jury's no-reliance damage finding in their motion for new trial. *See* TEX. R. CIV. P. 324(b)(3) (point in motion for new trial that jury finding is against overwhelming weight of the evidence is prerequisite to that complaint on appeal); *see also Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983) (party having burden of proof challenging factual sufficiency of adverse finding in trial court must show jury's finding was against great weight and preponderance of the evidence); *Murray v. Alvarado*, 438 S.W.3d 880, 886 (Tex. App.—El Paso 2014, pet. denied) (complaint jury finding is against great weight and preponderance of evidence waived on appeal where not raised in motion for new trial). Appellants assert no error on appeal regarding the jury's finding of no damages on their fraudulent concealment claims. *See Nat'l Prop. Holdings, L.P. v. Westergren*, No. 13-0801, 2015 WL 123099, at *6 (Tex. Jan. 9, 2015) (although jury found in favor of Westergren on liability questions concerning common law and statutory fraud, jury awarded no damages for either claim and Westergren did not appeal those findings; he therefore cannot recover damages on fraud claims).

Having concluded appellants' fraudulent inducement claims were barred by limitations, and there being no challenge to the jury's finding of no reliance damages based on appellants' post-investment fraudulent concealment claims, we conclude the trial court did not abuse its discretion by entering a take-nothing judgment on appellants' fraudulent inducement and fraudulent concealment claims. Accordingly, we resolve appellants' fifth issue against them.

–12–

## Standing

In their second issue, appellants contend that to the extent the trial court granted the JNOV based on appellants' lack of standing under *Hall v. Douglas*, 380 S.W.3d 860 (Tex. App.—Dallas 2012, no pet.), the trial court erred. Appellants argue they have standing to maintain their breach of contract and breach of fiduciary duty claims.[12]

With regard to their breach of contract claims, appellants alleged they entered into the Greenville limited partnership agreement with Prospera Hospitality, the general partner of Greenville Travelers, L.P. As president of Prospera Hospitality, Rajpal signed the Greenville limited partnership agreement on behalf of Prospera Hospitality. According to appellants, contrary to requirements of the Greenville limited partnership agreement, Prospera Hospitality was insufficiently capitalized. Appellants alleged Rajpal owed contractual duties to them as fellow limited partners under the Greenville limited partnership agreement, and he breached various sections of the limited partnership agreement. Specifically, appellants alleged Rajpal withdrew and used partnership funds in violation of the agreement, and he failed to repay them their initial "loans/investments," distribute their share of profits associated with the Greenville property, or provide financial reporting or accounting required by the limited partnership agreement. They sought recovery of their initial "loans/investments" and profits from operation and sale of the Greenville property. The jury found Rajpal failed to comply with one or more of the material terms of the Greenville limited partnership agreement and awarded $20,000 damages to each appellant based upon their "reliance interest," defined by the jury charge as "the amount of money that [appellants] paid to enter into the Greenville Travelers Limited Partnership Agreement."

---

[12] In their second issue, appellants also assert that, to the extent the trial court granted JNOV based on lack of standing to maintain their fraud claims, the trial court erred. We have concluded with regard to appellants' fifth issue discussed above that the trial court did not err in granting JNOV on appellants' fraud claims. Therefore, it is unnecessary for us to address appellants' standing argument relating to their fraud claims. *See* TEX. R. APP. P. 47.1.

–13–

With regard to their breach of fiduciary duty claims regarding Greenville Travelers, L.P., appellants alleged Rajpal was the person in control of Greenville Travelers, L.P. and stood in a fiduciary capacity as to the limited partners. Appellants alleged Rajpal breached his fiduciary duties by misuse and mismanagement of Greenville Travelers, L.P.'s funds. The jury heard evidence that Rajpal used Greenville Travelers, L.P. funds to make a loan to himself, pay for a personal vehicle, pay a personal fine, compensate an attorney for legal services rendered on a personal matter, and pay expenses relating to a personal residence, notwithstanding the fact the Greenville limited partnership agreement provides Greenville Travelers, L.P. shall not make loans to the general partner or any person. Appellants alleged those breaches of fiduciary duty caused them "injury and damages."

The jury found Rajpal breached his fiduciary duty to appellants regarding Greenville Travelers, L.P.[13] and awarded appellants $25,000 each for "loss of contractual consideration," defined by the jury charge as the "value/amount of money [appellants] paid to enter into the Greenville Travelers Limited Partnership Agreement," and $25,000 for "out-of-pocket" damages, defined by the jury charge as the "value/amount of money [appellants] paid in exchange for an interest in the Greenville Travelers Limited Partnership Agreement."

Relying on *Hall*, Rajpal argues appellants' breach of the Greenville limited partnership agreement and breach of fiduciary duty claims belong exclusively to the partnership, Greenville Travelers, L.P., and appellants lack standing to assert those claims. Standing is a component of subject-matter jurisdiction, and a plaintiff must have standing to maintain a suit. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–47 (Tex. 1993); *Hall*, 380 S.W.3d at 872. A

---

[13] The jury was instructed that because a relationship of trust and confidence existed between them, Rajpal owed appellants a fiduciary duty and, to establish he complied with his fiduciary duty, Rajpal had to prove: the "transaction in question" was fair and equitable to appellants; he made reasonable use of the confidence appellants placed in him; he acted in the utmost good faith and exercised the most scrupulous honesty toward appellants; he placed appellants' interests before his own, did not use the advantage of his position to gain any benefit for himself at appellants' expense, and did not place himself in a position where his self-interest might conflict with his obligations as a fiduciary; and, he fully and fairly disclosed all important information to appellants concerning "the transaction."

person has standing to sue when he is personally aggrieved by the alleged wrong. *Hall*, 380 S.W.3d at 872. A person has standing if:

> (1) he has sustained, or is immediately in danger of sustaining, some direct injury as a result of the wrongful act of which he complains; (2) he has a direct relationship between the alleged injury and claim sought to be adjudicated; (3) he has a personal stake in the controversy; (4) the challenged action has caused the plaintiff some injury in fact, either economic, recreational, environmental, or otherwise; or (5) he is an appropriate party to assert the public's interest in the matter as well as his own.

*Id.*; *see also Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 249 (Tex. App.—Dallas 2005, no pet.).

Without a breach of a legal right belonging to a plaintiff, that plaintiff has no standing to litigate. *Hall*, 380 S.W.3d at 873; *see Asshauer v. Wells Fargo Foothill*, 263 S.W.3d 468, 471 Tex. App.—Dallas 2008, pet. denied); *Nauslar*, 170 S.W.3d at 249. Only the person whose primary legal right has been breached may seek redress for an injury. *Hall*, 380 S.W.3d at 873; *Asshauer*, 263 S.W.3d at 471; *Nauslar*, 170 S.W.3d at 249.

Appellants cite to section 152.210 of the business organizations code for the proposition that partners are liable to "other partners" for breaches of a duty or breaches of a partnership agreement. While section 152.210 provides that a partner is liable to a partnership and the other partners for a breach of the partnership agreement or a violation of a duty to the partnership or other partners that causes harm to the partnership or other partners, TEX. BUS. ORGS. CODE ANN. § 152.210 (West 2012), "section 152.211 states 'a *partnership* may maintain an action against a partner for breach of the partnership agreement or for violation of a duty to the partnership causing *harm to the partnership*.'" *Hall*, 380 S.W.3d at 873; *see also* TEX. BUS. ORGS. CODE ANN. § 152.211(a) (West 2012).

In *Hall*, Michael Hall entered into an agreement with Douglas Properties, Inc. and James R. Douglas, Jr. (Douglas) to form a limited partnership, Douglas/Hall, Ltd. Douglas Properties

was the general partner and Hall and Douglas were limited partners. The purpose of the limited partnership was to acquire and develop a tract of land in Collin County, and the limited partnership agreement contained provisions regarding a development loan and the general partner's obligation to develop the tract of land. Hall and others filed suit against Douglas, Douglas Properties, and others, alleging breach of fiduciary duty and breach of the partnership agreement. *Hall*, 380 S.W.3d at 864, 866. Like appellants here, the plaintiffs in *Hall* alleged the limited partner misappropriated funds. This Court concluded the harm alleged was to the limited partnership, not the limited partner. *Id*. at 873; *see also Asshauer*, 263 S.W.3d at 471–72; *Nauslar*, 170 S.W.3d at 250–51.

A limited partner does not have standing to sue for injuries to the partnership that merely diminish the value of that partner's interest. *Hall*, 380 S.W.3d at 873; *see Nauslar*, 170 S.W.3d at 250–51. Appellants alleged Rajpal breached the limited partnership agreement by failing to repay their initial "loans/investments" and by failing to distribute their share of profits from operation and sale of the Greenville property. As this Court stated in *Hall*, the right of recovery belongs to the general partnership, "even though the economic impact of the alleged wrongdoing may bring about reduced earnings, salary or bonus." *Hall*, 380 S.W.3d at 873; *see Asshauer*, 263 S.W.3d at 472; *Nauslar*, 170 S.W.3d at 250 (damages belonged to partnership despite pleading he was "personally aggrieved" by and suffered "direct damages" from defendants).

The supreme court recently cited the holding in *Hall* that a limited partner does not have standing to sue for injuries to the partnership that merely diminish the value of that partner's interest. *In re Fisher*, 433 S.W.3d 523, 527 (Tex. 2004, orig. proceeding) (citing *Hall*, 380 S.W.3d at 873)). The damages sought in *In re Fisher*, however, are distinguishable from the damages sought by the plaintiff in *Hall* and by appellants here. A limited partner in *In re Fisher* had standing to sue two other limited partners because he alleged personal damages unique to

him, including a million dollar loan to the general partnership that other limited partners did not make, and he alleged damages for loss of earning capacity, damage to his credit and personal reputation, mental anguish, injury to his character, and false statements about him that subjected him to civil and criminal prosecution. *Id*. at 527–28.

In contrast, appellants here argue their breach of fiduciary claims are based on Rajpal's duties as a fellow limited partner. The claimed breaches of fiduciary duty by Rajpal, which all relate to alleged misuse or mismanagement of Greenville Travelers, L.P.'s funds, would have the effect of diminishing the assets and value of the limited partnership generally, and would not diminish the value of appellants' limited partnership interests exclusively. Because appellants argue Rajpal misused or mismanaged Greenville Travelers, L.P.'s funds, the alleged harm is to Greenville Travelers, L.P., not appellants individually. In other words, these damages, although cast as personal damages, belong to the limited partnership alone. Appellants do not have a separate, individual right of action for injuries to the partnership, even if the injuries diminished the value of their ownership interest in the entity. Thus, only Greenville Travelers, L.P. would have standing to sue to recover the allegedly misused or mismanaged funds. *See Hall*, 380 S.W.3d at 874; *Nauslar*, 170 S.W.3d at 249–51 (limited partner cannot sue directly for damages suffered by partnership).

In the context of the allegations made and the relief sought in this case, appellants lack standing to bring a claim for breach of the Greenville limited partnership agreement or for breach of fiduciary duty. *See* TEX. BUS. ORGS. CODE ANN. § 152.211; *Hall*, 380 S.W.3d at 873; *Asshauer*, 263 S.W.3d at 472; *Nauslar*, 170 S.W.3d at 250. Appellants have failed to overcome controlling authority of this Court, and "we refuse to alter the clear language of the limited partnership act and case law to afford them standing to sue." *Asshauer*, 263 S.W.3d at 474. We

conclude the trial court did not err in granting JNOV on appellants' breach of contract and breach of fiduciary duty claims. We resolve appellants' second issue against them.

**Motion to Modify Judgment or Motion for New Trial**

In their sixth issue, appellants contend the trial court abused its discretion by denying their motion to modify the judgment, and alternative motion for new trial, for reasons addressed in other issues, which are analyzed elsewhere in this opinion, and for the additional reason that the trial court refused to award appellants equitable damages for Rajpal's breach of fiduciary duty. According to appellants, equitable damages are "justified" based on evidence at trial of Rajpal's "self-dealing and failure to disclose material facts," and appellants are entitled to equitable relief even in the absence of actual damages. Because the jury found Rajpal breached his fiduciary duty to appellants with regard to Greenville Travelers, L.P., appellants assert the trial court abused its discretion by failing to grant appellants' motion to modify the judgment or grant a new trial. Although the jury found Rajpal did not breach his fiduciary duty to appellants with regard to Sulphur Springs Travelers, L.P., and consequently no damages were awarded by the jury, appellants also assert the trial court erred by failing to award them equitable damages for that claim.

The standard of review for denial of a motion for new trial is abuse of discretion. *Dugan v. Compass Bank*, 129 S.W.3d 579, 582 (Tex. App.—Dallas 2003, no pet.). We review a trial court's denial of a motion to modify a final judgment under an abuse of discretion standard. *See Wagner v. Edlund*, 229 S.W.3d 870, 879 (Tex. App.—Dallas 2007, pet. denied). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or if it acts without reference to any guiding rules or principles. *Downer v. Aqamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

We have concluded with regard to appellants' second issue that appellants lacked standing to assert their breach of fiduciary duty claims with regard to Greenville Travelers, L.P. and the trial court did not err by granting a JNOV on those claims. *See Hall*, 380 S.W.3d at 874 ("individual" claims alleged by the limited partner plaintiff belonged to limited partnership and plaintiff lacked standing to bring claims of breach of fiduciary duty against fellow limited partner).

The jury found no liability for breach of fiduciary duty regarding Sulphur Springs Travelers, L.P.[14] In their motion to enter judgment, appellants asserted Rajpal breached his fiduciary duty to them regarding Sulphur Springs Travelers, L.P. "as a matter of law based on the evidence." In their motion to modify the judgment or motion for new trial, appellants requested the trial court to modify its judgment and award them equitable relief requested in their motion to enter judgment. We question whether appellants adequately raised a sufficiency challenge to the jury's finding of no liability for breach of fiduciary duty regarding Sulphur Springs Travelers, L.P. in their motion for new trial. *See* TEX. R. CIV. P. 324(b)(3) (point in motion for new trial that jury finding is against overwhelming weight of the evidence is prerequisite to that complaint on appeal). Appellants also have not raised a sufficiency issue on appeal concerning the jury's finding of no liability for breach of fiduciary duty regarding Sulphur Springs Travelers, L.P.

However, assuming appellants have raised a sufficiency challenge regarding the jury's finding of no liability for breach of fiduciary duty regarding Sulphur Springs Travelers, L.P., we resolve such complaint against appellants. For the reasons discussed above in resolving appellants' second issue, appellants, as limited partners in Sulphur Springs Travelers, L.P., lack standing to assert breach of fiduciary duty claims against limited partner Rajpal. *See Hall*, 380

---

[14] Having found no liability for breach of fiduciary duty regarding Sulphur Springs Travelers, L.P., the jury did not answer the only damage question relating to that liability issue, which was the amount, if any, Rajpal profited as a result of such a breach. Because appellants received return of their capital contributions in Sulphur Springs Travelers, L.P., a jury question on loss of contractual consideration or out-of-pocket or reliance damages for fraud was not submitted to the jury relating to that investment. In their motion to enter judgment, appellants requested the trial court to award them equitable damages for "ill-gotten gain obtained" by Rajpal.

S.W.3d at 874 ("individual" claims alleged by the limited partner plaintiff belonged to limited partnership and plaintiff lacked standing to bring claims of breach of fiduciary duty against fellow limited partner).

We conclude the trial court did not abuse its discretion by denying appellants' request for equitable damages for breach of fiduciary duty by Rajpal with regard to Greenville Travelers, L.P. or Sulphur Springs Travelers, L.P. We resolve appellants' sixth issue against them.

### Election of Remedies

In their third issue, appellants argue that, to the extent the trial court's JNOV was based on their alleged failure to elect remedies, the trial court erred in granting a JNOV. Appellants assert Rajpal's response to their motion for judgment "only called for Appellants to 'make an election of remedies,' and did not seek a judgment on [that] basis." In Rajpal's response to appellants' Motion to Enter Judgment, he argued the damages sought by appellants were "cumulative of all damages found by the jury or as requested by [appellants] on all of [appellants'] claims." Rajpal asserted appellants were required to make an election of remedies to prohibit appellants from obtaining multiple recoveries for the same alleged injuries.

We have concluded the trial court did not err in granting JNOV on appellants' breach of contract, breach of fiduciary duty, and fraud claims. Accordingly, it is unnecessary for us to address appellants' third issue. *See* TEX. R. APP. P. 47.1.

### Evidence of Damages

In their fourth issue, appellants contend that to the extent the trial court's JNOV was based on inadequate evidence of damages, the trial court erred. Appellants contend they presented "undisputed evidence of the financial harm they sustained" and legally sufficient evidence of damages for breach of contract, fraud, and breach of fiduciary duty. Having concluded the trial court did not err by granting JNOV on appellants' breach of contract, breach

of fiduciary duty, and fraud claims, it is unnecessary for us to address appellants' fourth issue. *See* TEX. R. APP. P. 47.1.

### Attorney's Fees and Interest

In their seventh issue, appellants argue the JNOV should be reversed on their breach of contract claims and they should be awarded attorney's fees as prevailing parties on their breach of contract claims. We have concluded with regard to appellants' second issue that the trial court did not err by granting a JNOV on appellants' breach of contract claims. *See Hall*, 380 S.W.3d at 874. Accordingly, we conclude appellants are not entitled to attorney's fees for breach of contract. *See MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 670 (Tex. 2009) (party recovering no damages on breach of contract claim cannot recover attorney's fees under section 38.001(8) of the civil practice and remedies code). Appellants also assert in their seventh issue that if the case is remanded to the trial court for a new trial, they would be entitled to pre-judgment interest. We have resolved appellants' issues against them and concluded the trial court did not err in signing a take-nothing judgment in favor of Rajpal. Accordingly, appellants are not entitled to prejudgment interest.

We conclude appellants are not entitled to attorney's fees or prejudgment interest. We resolve appellants' seventh issue against them.

### Conclusion

Having resolved appellants' issues against them, we affirm the trial court's judgment.

/Robert M. Fillmore/
_____
ROBERT M. FILLMORE
JUSTICE

131413F.P05

–21–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARSHALL HODGES, INDIVIDUALLY AND D/B/A GUARANTEED PRINTING SUPPLY, AND RHON ROMMER, Appellants

No. 05-13-01413-CV        V.

JITENDRA RAJPAL, Appellee

On Appeal from the 95th Judicial District Court, Dallas County, Texas, Trial Court Cause No. 09-08231. Opinion delivered by Justice Fillmore, Justices Stoddart and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Jitendra Rajpal recover his costs of this appeal from appellants Marshall Hodges, individually and d/b/a Guaranteed Printing Supply, and Rhon Rommer.

Judgment entered this 27th day of February, 2015.