**Affirmed and Memorandum Opinion filed October 10, 2023**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00715-CV

## JOSE ISMAEL RAMIREZ D/B/A FORTHRIGHT CONSTRUCTION AND FORTHRIGHT-RAMIREZ, INC., Appellant

### V.

## JJ & EG, LLC, Appellee

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2019-76911**

## MEMORANDUM OPINION

Appellant Jose Ismael Ramirez d/b/a Forthright Construction and Forthright-Ramirez, Inc. (Ramirez) challenges the trial court's denial of his motion to modify, correct, or reform the judgment. In a single issue, Ramirez argues that the final judgment should have tracked the language of the arbitration award. We affirm.

### *Background*

In October 2019, appellee JJ & EG, LLC (Plaintiff) filed suit against Ramirez.

In its original petition, Plaintiff alleged that Ramirez served as the general contractor for the construction of a body shop. At some point, Plaintiff questioned Ramirez's progress on the project and confronted Ramirez about the lack of progress. Subsequently, Ramirez refused to return to the construction site, and the agreement between the parties was terminated. The parties eventually agreed to arbitrate their claims in conformity with the arbitration clause contained in their agreement, and the trial court signed an order compelling arbitration in August 2021. The matter proceeded to arbitration, and an arbitrator rendered a final arbitration award in favor of Plaintiff on June 21, 2022. The following day, Plaintiff filed a motion requesting that the trial court issue a final judgment conforming to its proposed order. On July 22, 2022, the trial court signed the final judgment. In August 2022, Ramirez filed a motion to modify, correct, or reform the final judgment arguing that the judgment did not track the language of the arbitration award. Ramirez emphasized findings in the arbitration award favorable to him that were excluded from the final judgment. The trial court did not rule on this motion, and it was denied by operation of law. This appeal followed.

## *Discussion*

In his only issue on appeal, Ramirez contends that the trial court abused its discretion in denying his motion to modify, correct, or reform the judgment because the final judgment failed to track the language of the final arbitration award. We disagree.

A trial court's denial of a motion to modify a final judgment is typically reviewed under an abuse of discretion standard. *See Hodges v. Rajpal*, 459 S.W.3d 237, 250 (Tex. App.—Dallas 2015, no pet.). The test for an abuse of discretion is whether the trial court acted arbitrarily or without reference to guiding legal principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

"Texas courts give arbitration awards great deference and indulge every reasonable presumption to uphold arbitrators' decisions." *Ctr. Rose Partners, Ltd. v. Bailey*, 587 S.W.3d 514, 528 (Tex. App.—Houston [14th Dist.] 2019, no pet.). The Texas General Arbitration Act states that the court, on application of a party, "shall confirm" an arbitration award "[u]nless grounds are offered for vacating, modifying, or correcting [it] under Section 171.088 or 171.091." Tex. Civ. Prac. & Rem. Code § 171.087. Upon "granting an order that confirms . . . an award, the court shall enter a judgment or decree conforming to the order." *Id.* § 171.092.

Even though Ramirez maintains that the trial court abused its discretion by failing to track the language of the arbitration award, he has not provided any authority in support of his contention. Indeed, section 171.092 only requires a trial court to enter a judgment or decree conforming to the order that confirms an arbitration award. *Id.* We have found no requirement that the trial court's judgment must include the arbitrator's findings. *See, e.g.*, *Brown v. Lanier Worldwide, Inc.*, 124 S.W.3d 883, 901 n.32 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("Arbitrators are not required to state the reason for their award or to make any findings of fact.").

Accordingly, we overrule Ramirez's sole issue on appeal.

### *Conclusion*

We affirm the judgment of the trial court.


/s/ Frances Bourliot
Justice


Panel consists of Justices Wise, Bourliot, and Zimmerer.